**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YANGING ZHANG, AKA Yaqing Zhang,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 21-70737<br><br>Agency No. A208-939-175<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2026[**]
Pasadena, California

Before: WARDLAW, OWENS, and DE ALBA, Circuit Judges.

Yanging Zhang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") decision dismissing her appeal of the

immigration judge's ("IJ") denial of her applications for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition.

"Where, as here, the BIA summarily adopts the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as if it were the BIA's decision." *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (internal quotation marks omitted).  "We review questions of law de novo and the agency's factual findings for substantial evidence." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (internal quotation marks omitted).

*1.  Asylum and Withholding of Removal*.  "An adverse credibility determination is a factual finding reviewed for substantial evidence." *Id.* Considering the totality of the circumstances, substantial evidence supports the agency's adverse credibility determination.  *See Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (interpreting 8 U.S.C. § 1158(b)(1)(B)(iii) to require totality of the circumstances review).

Zhang's asylum claim "changed constantly and significantly." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 749 (9th Cir. 2022).  She first told U.S. Customs and Border Protection ("CBP") agents that she had never been arrested. She then claimed during her credible fear interview that Chinese authorities had beaten her, arrested her, and held her for two days because she practiced Catholicism.  Finally, before the IJ, she claimed that she had been arrested twice,

2

first for seven days and then for three days, and that she was beaten multiple times during both periods of detention. As we have explained, "[t]his type of evolving story is precisely what one would expect if a petitioner is fabricating or embellishing past harms[.]" *Ruiz-Colmenares*, 25 F.4th at 750. Because "even minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination," we are not compelled to disturb the BIA's credibility finding. *Id.*

Zhang nevertheless argues that: (1) her CBP and credible fear interviews lack sufficient indicia of reliability; (2) she sufficiently explained the inconsistencies in her testimony; (3) the IJ erred in excluding corroborating evidence; and (4) she is entitled to the benefit of the doubt based on the United Nations High Commission of Refugees Handbook. None of her arguments compels a conclusion different from that of the agency. *See Garland v. Ming Dai*, 593 U.S. 357, 366 (2021) ("[S]o long as the record contains contrary evidence of a kind and quality that a reasonable factfinder could find sufficient, a reviewing court may not overturn the agency's factual determination." (internal quotation marks omitted)).

First, Zhang's interviews with immigration officials have sufficient indicia of reliability because the interviews were conducted in Mandarin, under oath, with

a contemporaneous transcription, and Zhang affirmed the accuracy of the records of the interviews. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020).

Second, the IJ was not required to credit Zhang's various explanations for the inconsistencies between her interviews and IJ testimony. *See Kalulu v. Bondi*, 128 F.4th 1009, 1016-17, 1016 n.4 (9th Cir. 2024); *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) ("[T]he record does not compel the finding that the IJ's unwillingness to believe this explanation, in light of the importance of the omitted incidents to his asylum claim, was erroneous.").

Third, the IJ did not err in excluding Zhang's evidence when she failed to comply with the agency's procedural rules for presenting such evidence. *See* 8 U.S.C. § 1229a(b)(1); 8 C.F.R. § 1003.10(b) ("[I]mmigration judges . . . may take any action consistent with their authorities under the Act and regulations that is necessary or appropriate for the disposition . . . of such cases."); *Honcharov v. Barr*, 924 F.3d 1293, 1296 (9th Cir. 2019).

Fourth and finally, the United Nations High Commission of Refugees Handbook makes clear that any deference to the applicant's testimony does not extend to credibility determinations themselves. *See Handbook on Procedures and Criteria for Determining Refugee Status under the 1951 Convention and the 1967 Protocol relating to the Status of Refugees*, HCR/1P/4/Eng/REV.2, at ¶ 204 (Feb. 1, 2019).

4

Without credible testimony, Zhang cannot satisfy her burden of proof to show her eligibility for asylum and withholding of removal. *See Mukulumbutu*, 977 F.3d at 927 (holding substantial evidence supported the agency's conclusion that, without credible testimony, petitioner failed to establish eligibility for asylum or withholding of removal).

2. *CAT Protection*. Absent credible testimony, substantial evidence also supports the IJ's denial of Zhang's CAT claim. *See id.* at 927-28 (holding that petitioner did not meet evidentiary burden for CAT protection based on country conditions reports and other corroborating evidence without credible testimony). Although the country conditions evidence does show incidents of harassment and violence towards house church members, this does not compel the conclusion that Zhang faces a particularized risk of torture if removed. *See Singh v. Bondi*, 130 F.4th 1142, 1156 (9th Cir. 2025) (denying petition for review on CAT claim after adverse credibility determination because there was not enough individualized evidence to compel the conclusion the petitioner would be tortured upon removal).

**PETITION FOR REVIEW DENIED.**[1]

---

[1] The motion for a stay of removal (Dkt. No. 1) is **DENIED AS MOOT**.